FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 23, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KACHIAN INDUSTRIES INC., a Delaware Corporation,<br><br>                Plaintiff,<br><br>v.<br><br>JAYSON ELLIOTT,<br><br>                Defendant. | NO: 2:19-CV-247-RMP<br><br>ORDER DISMISSING CLAIM WITHOUT PREJUDICE AND WITHOUT AN AWARD OF ATTORNEY FEES OR COSTS |

BEFORE THE COURT is Plaintiff's Motion to Dismiss without prejudice, and without an award of attorney fees or costs. ECF No. 18. The Court has considered the motion, Defendant's response, and is fully informed.

**BACKGROUND**

On July 15, 2019, Defendant Jayson Elliott filed suit against Nicholas Wells, Kachian Industries, Inc.'s sole shareholder, in the Santa Clara County, California Superior Court. ECF No. 21. The California lawsuit is stayed pending the outcome of the Washington disputes. ECF No. 20 at 5.

ORDER GRANTING VOLUNTARY DISMISSAL WITHOUT PREJUDICE AND WITHOUT AN AWARD OF FEES AND COSTS ~ 1

On July 17, 2019, Plaintiff Kachian filed its complaint in the Eastern District of Washington, alleging breach of contract and conversion against Mr. Elliott. ECF No. 1.  Kachian alleged that this Court has subject matter jurisdiction based on diversity of citizenship.  *Id*. at 2.  In response, Mr. Elliott filed a motion to dismiss, arguing that the Court lacked subject matter jurisdiction because he is allegedly a domiciliary of California, thereby destroying diversity among the parties.  ECF No. 7 at 1.  He also argued that his mother, allegedly a party to the relevant contract and a domiciliary of California, is an indispensable party who must be joined.  *Id*.  On January 10, 2020, this Court granted Kachian's request for limited jurisdictional discovery related to the issues of Mr. Elliott's domicile and whether Ms. Elliott is an indispensable party.  ECF No. 13.

However, on January 7, 2020, Mr. Elliott and Ms. Elliott filed suit in Douglas County, alleging claims arising out of the same contract at issue in this matter.  ECF No. 20 at 21–27.  Kachian has since filed an answer, affirmative defenses, and counterclaims in the case filed in Douglas County, Washington. ECF No. 20 at 36–46.

Kachian now moves for voluntary dismissal of the action before this Court without prejudice pursuant to Fed. R. Civ. P. 41(a)(2), and without an award of attorney fees or costs.  *Id*.  Mr. Elliott does not oppose the dismissal of this action without prejudice, so long as it is conditioned on an award of fees and costs.  ECF No. 21 at 4.

ORDER GRANTING VOLUNTARY DISMISSAL WITHOUT PREJUDICE AND WITHOUT AN AWARD OF FEES AND COSTS ~ 2

## DISCUSSION

Fed. R. Civ. P. 41(a)(2) permits a plaintiff, with the approval of the court, to request that an action be dismissed by court order, on such terms and conditions that the court deems proper. A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion and the court's order will not be disturbed unless the court has abused its discretion. *Stevedoring Servs. of Am. v. Armilla Intern. B.V.,* 889 F.2d 919, 921 (1989).

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches,* 263 F.3d 972, 975 (9th Cir. 2001). "[L]egal prejudice means prejudice to some legal interest, some legal claim, some legal argument." *Id.* at 976. "[U]ncertainty because a dispute remains unresolved" or because "the threat of future litigation . . . causes uncertainty" does not result in plain legal prejudice. *Westlands Water Dist. v. United States,* 100 F.3d 94, 96 (9th Cir. 1996).

There is no evidence before the Court that granting Kachian's motion for voluntary dismissal will result in plain legal prejudice. There is ongoing litigation arising from the same contract brought by Mr. Elliott in state court. Furthermore, Mr. Elliott does not oppose the dismissal of this action without prejudice, so long as it is conditioned on the imposition of fees and costs incurred in bringing its motion for dismissal for lack of jurisdiction. ECF No. 21 at 4.

ORDER GRANTING VOLUNTARY DISMISSAL WITHOUT PREJUDICE AND WITHOUT AN AWARD OF FEES AND COSTS ~ 3

Although attorney fees and costs are often awarded as a condition of dismissal without prejudice, the Ninth Circuit has stated that it is neither mandatory nor an abuse of the Court's discretion if the Court refuses to do so.[1] *See Stevedoring Servs. of Am,* 889 F.2d at 921. In determining whether to award costs, courts consider (1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the litigation has progressed; and (4) the plaintiff's diligence in moving to dismiss. *Williams v. Peralta Cmty. Coll. Dist.,* 227 F.R.D. 538, 540 (N.D. Cal. 2005). A plaintiff's litigation decisions that impose additional costs upon defendants will not result in an award of fees and costs where the decisions are permitted under the law and pursued in good faith. *See Smith v. Lenches*, 263 F.3d 972, 978–79 (9th Cir. 2001) (upholding refusal to award costs and fees when plaintiffs pursued related claims in multiple forums). If a court awards costs and fees, the court should limit the award to legal work which will not be useful in continuing litigation. *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993).

First, as to duplicative expenses, there is a risk that should the parties not reach a resolution in state court and Kachian refiles a complaint, Mr. Eilliott would incur duplicative expenses. However, the court notes that Mr. Elliott has filed two suits in two different state forums, first in California, and now in Washington,

---

[1] Mr. Elliott concurs that the Court is not required to award attorneys' fees and costs as a prerequisite to voluntary dismissal  ECF No. 21 at 5.

ORDER GRANTING VOLUNTARY DISMISSAL WITHOUT PREJUDICE AND WITHOUT AN AWARD OF FEES AND COSTS ~ 4

1  arising from the same contract, which designates Washington courts as the

2  appropriate forum. ECF No. 20 at 14. Thus, duplicative litigation is not a novel

3  issue arising from this dispute or generated by the motion to dismiss. As a matter

4  of fairness, both parties have incurred additional fees and costs in litigating suits

5  related to the same dispute in various courts.

6  Second, regarding effort and expense, Mr. Elliott presumably has incurred

7  some fees and costs in challenging this Court's jurisdiction. To the extent that the

8  fees and costs incurred by Mr. Elliott were all related to defending this action on

9  jurisdictional grounds, the Court agrees with Mr. Elliott that this work will not be

10  of any use in ongoing litigation in state court. *See Koch*, 8 F.3d at 652.

11  Third, the lawsuit filed in Douglas County is further along in litigation than

12  the same dispute brought before this Court. No answer has been filed in this Court

13  and the only motion before the Court was for dismissal on jurisdictional grounds.

14  The Court granted limited jurisdictional discovery in January of 2020. ECF No.

15  13. The parties' pleadings since January have focused on pursuing their claims on

16  the merits in state court.

17  Finally, Kachian has diligently moved for dismissal of this action, following

18  litigation progressing on the merits in state court. Furthermore, Kachian's suit

19  before this Court was not without merit. The Contract between the parties contains

20  a choice of law provision, consenting to the "exclusive jurisdiction of the state and

21  federal courts located in and for East Wenatchee, Washington." ECF No. 20 at 14.

ORDER GRANTING VOLUNTARY DISMISSAL WITHOUT PREJUDICE AND WITHOUT AN AWARD OF FEES AND COSTS ~ 5

There were also conflicting representations and evidence as to whether Mr. Elliott's domicile was Washington or California when the suit was filed, which the Court ultimately granted limited jurisdictional discovery in an effort to resolve. ECF No. 13; *See Santa Rosa Memorial Hospital v. Kent,* 688 Fed. Appx. 492, 494 (9th Cir. 2017) (District court's decision in refusing to order payment of costs and fees "justified by its consideration of the legitimate factor of the merit of Plaintiff's claims) (citing *Stevedoring Serv. of Am.*, 889 F.2d at 922)

Whereas the purpose of such awards is generally to reimburse the defendant for litigation costs incurred, in view of the risk faced by the defendant that the same suit will be refiled, the Court finds that risk minimal here. *See Colombrito v. Kelly,* 764 F.2d 122, 133–34 (2d. Cir. 1985). After considering this minimal risk of Kachian refiling its claim, and the procedural history of this case, including two separate suits commenced by Mr. Elliott, the Court concludes dismissal need not be conditioned on an award of fees and costs.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Voluntary Dismissal Without Prejudice and Without an Award of Fees and Costs, **ECF No. 18** is **GRANTED**.
2. Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.
3. Any remaining, pending motions are **DENIED AS MOOT**, and any hearing dates are **STRICKEN**.

1    **IT IS SO ORDERED**.  The District Court Clerk is directed to enter this

2  Order, provide copies to counsel, and **close this case**.

3       **DATED** September 23, 2020.

4

5                                    *s/ Rosanna Malouf Peterson*
                                     ROSANNA MALOUF PETERSON
                                       United States District Judge